# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES H. HILL, | |
|     Plaintiff, | Case No. 3:13-cv-00291-RCJ-WGC |
| vs. | **ORDER** |
| ISIDRO BACA, et al., | |
|     Defendants. | |

Plaintiff has submitted requests for rule 65 injunctions and restraining orders (#8, #16, #17). The standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction. Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff cannot satisfy the first element of this test. Plaintiff is complaining that since 1985 defendants have been forcing him to take medications to treat his psychosis and his high blood pressure, and that those medications have given him diabetes. Plaintiff raised the same claim in Hill v. Aranas, 3:11-cv-00678-LRH-WGC. The court in that action found that plaintiff had failed to state a claim upon which relief could be granted. Nothing material has changed in plaintiff's allegations other than the dates. At the moment, plaintiff has no likelihood of success on the merits of this claim, and the court will not issue a temporary restraining order.

IT IS THEREFORE ORDERED that plaintiff's requests for rule 65 injunctions and restraining orders (#8, #16, #17) is **DENIED**.

Dated: August 21, 2013.

_____
ROBERT C. JONES
Chief United States District Judge